**Edgar Ivan Jimenez URIBE,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

No. 03–70606.

United States Court of Appeals,
Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Aug. 2, 2004.*

Decided Aug. 16, 2004.

Judith L. Wood, Esq., Jesse A. Moorman, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Emily A. Radford, Esq., Robbin K. Blaya, Esq., Daniel E. Goldman, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: REINHARDT, NOONAN, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Edgar Ivan Jimenez Uribe, a native and citizen of Panama, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his application for asylum and withholding of removal.

Uribe testified that he was beaten by family members and raped by a neighbor on account of his homosexuality. He argues that the BIA abused its discretion in finding that he did not establish past persecution or a "well-founded fear" of persecution. We have held that sexual assault and beatings on account of homosexuality can qualify as persecution on account of membership in a particular social group. *See Hernandez–Montiel v. INS*, 225 F.3d 1084, 1093–94 (9th Cir.2000). However, Uribe did not establish that the government of Panama was the source of his persecution or that it was unable or unwilling to control his attackers specifically, or, more generally, those elements of society responsible for victimizing gay men. *Cf. id.* at 1097; *Avetova–Elisseva v. INS*, 213 F.3d 1192, 1196 (9th Cir.2000). Therefore, we conclude that the BIA did not abuse its discretion in denying Uribe's petition for asylum.

We also conclude that Uribe does not meet the requirements for mandatory withholding of removal, INA § 241(b)(3), 8

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

U.S.C. § 1231(b)(3), because an alien who fails to establish a well-founded fear of persecution will, by definition, fail to show a "clear probability" of persecution. *Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir. 1995).

For the foregoing reasons, the petition for review is DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.